UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------------x

ALAN DeCARLO,

                            Plaintiff,            COMPLAINT
                                                  07 CV 11466 (CLB)(GAY)

            - against -

COUNTY OF DUTCHESS, DUTCHESS
COUNTY SHERIFF'S DEPARTMENT,
TYLER P. WYMAN, "JOHN" WILBER,
"JOHN" DAHLEM, the first names being
fictitious and presently unknown, and JOHN
DOE 1-3, the names being fictitious and
presently  unknown,

                                                  **Jury Trial Demanded**
                            Defendants.
----------------------------------------------------------------x

        **ALAN DeCARLO**, by his attorneys, **LENIHAN & ASSOCIATES**, alleges the

following upon information and belief as his Complaint:


                            Nature of the Action

        1.      This civil rights action arises from the September 23, 2006 unlawful

assault on Alan DeCarlo by Dutchess County Deputy Sheriffs during a traffic stop.  Mr.

DeCarlo sustained fractures to his ribs, orbit and maxillary sinus in addition to other

injuries.  Plaintiff seeks declaratory relief pursuant to 28 U.S.C. §2201 as well as

compensatory and punitive damages for violation of his civil rights under 42 U.S.C.

§1983.


                            Jurisdiction and Venue

        2.      This action arises under the United States Constitution and 42 U.S.C.

§1983.  This Court has subject matter jurisdiction pursuant to 28 U.S.C. §1331 and

§1343(3).  Plaintiff asserts jurisdiction over the County of Dutchess and the Dutchess

County Sheriff's Department under 28 U.S.C. §1367.  Plaintiff requests that this Court

exercise pendent jurisdiction over those state law claims arising out of the same

common nucleus of operative facts as do plaintiff's federal claims.

3.      Under 28 U.S.C. §1391(b), venue is proper in the Southern District of New York because the events complained of occurred in that judicial District.

## Parties

4.      Plaintiff ALAN DeCARLO is a citizen of the United States of America residing in the Town of Poughkeepsie in Dutchess County, New York.

5.      Defendant COUNTY OF DUTCHESS ("County") is a municipality duly organized and existing under the laws of New York State.  The County has established and maintains and operates a sheriff's department known as the Dutchess County Sheriff's Department.

6.      Defendant DUTCHESS COUNTY SHERIFF'S DEPARTMENT ("Sheriff's Department") is a constituent department or agency of the County.  At all times relevant, the Sheriff's Department employed the Deputy Sheriffs involved in the incident underlying this lawsuit.

7.      Defendant TYLER P. WYMAN was at all times relevant a duly appointed and acting Deputy Sheriff employed by the Sheriff's Department.

8.      Defendant "JOHN" WILBER was at all times relevant a duly appointed and acting Deputy Sheriff employed by the Sheriff's Department.

9.      Defendant "JOHN" DAHLEM, was at all times relevant a duly appointed and acting Deputy Sheriff employed by the Sheriff's Department.

10.      Defendants JOHN DOE 1-3 were at all times relevant duly appointed and acting Deputy Sheriffs employed by the Sheriff's Department.

11.      At all times relevant, defendants WYMAN, WILBER, DAHLEM and DOE 1-3 (collectively the "individual defendants"), were acting under color of state law.

12.    The individual defendants involved in the incidents underlying this lawsuit were, at all times relevant, agents, servants and employees acting within the scope of their employment by defendants County and Sheriff's Department.

Facts Underlying
Plaintiff's Claims for Relief

13.    On September 23, 2006 at approximately 12:30 a.m., Alan DeCarlo was driving home when he was stopped and detained by defendants Wyman and Wilber on a claim of a traffic violation.

14.    Mr. DeCarlo was ordered from his car and successfully complied with various sobriety tests ordered by defendant Wyman.  Defendant Wyman was verbally abusive and threatening.  The actions and statements of defendants Wyman and Wilber caused Mr. DeCarlo to fear for his safety and well-being.

15.    Defendant Wyman radioed for additional units and defendant Dahlem and others, including the Doe defendants, arrived.

16.    Defendant Wyman grabbed plaintiff's arm and thrust Mr. DeCarlo to the hood of a car.  Wyman and other individual defendants then, without lawful cause or justification, struck Mr. DeCarlo about the face and body.

17.    At no time did Mr. DeCarlo assault or attempt to assault any of the defendants.  Nor did he do anything justifying the assault the defendants inflicted on him.

18.    The individual defendants, in an attempt to cover their misconduct, thereafter falsely alleged that Mr. DeCarlo resisted his arrest.

19.    The attack by individual defendants caused substantial physical injuries to Mr. DeCarlo,  including a fractured left orbit and orbital floor, a comminuted fracture of the lateral wall of the left maxillary sinus with depression pf the anterior wall of five-to-six millimeters, a fractured left medial wall of the maxillary sinus, and fractured left ribs.

-3-

20.     In addition to the physical injuries, Mr. DeCarlo suffered mental anguish, shock, fright, trauma and deprivation of his constitutional rights, among other injuries.

21.     At all times relevant, and in assaulting plaintiff and failing to take any steps to prevent, end or truthfully report the assault, the individual defendants acted intentionally, willfully, maliciously, negligently, and with reckless disregard for and deliberate indifference to plaintiff's rights and physical and mental well-being.

### FIRST CLAIM FOR RELIEF FOR VIOLATING PLAINTIFF'S RIGHT TO BE FREE FROM UNREASONABLE FORCE UNDER THE FOURTH AND FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION

22.     Plaintiff repeats the allegations of paragraphs 1-21 above as though fully stated herein.

23.     By the actions described above, the individual defendants deprived Mr. DeCarlo of his rights secured by the United States Constitution, including, but not limited to his right to be free from excessive and unreasonable force.

24.     As a consequence thereof, Alan DeCarlo has been injured.

### SECOND CLAIM FOR RELIEF FOR ASSAULT

25.     Plaintiff repeats the allegations of paragraphs 1-21 as though fully stated herein.

26.     By the actions described above, plaintiff was intentionally placed in apprehension of imminent harmful and offensive contact.

27.     As a consequence thereof, Alan DeCarlo has been injured.

### THIRD CLAIM FOR RELIEF FOR BATTERY

28.     Plaintiff repeats the allegations of paragraphs 1-21 as though fully stated herein.

29.     By the actions described above, plaintiff was intentionally touched in a harmful and offensive manner.

-4-

30.     As a consequence thereof, Alan DeCarlo has been injured.

### FOURTH CLAIM FOR RELIEF FOR FAILURE TO INTERVENE TO PREVENT THE VIOLATION OF PLAINTIFF'S CIVIL RIGHTS

31.     Plaintiff repeats the allegations of paragraphs 1-21 as though fully stated herein.

32.     The individual defendants, and each of them, failed to intervene to prevent, end, or truthfully report the unlawful conduct to which Mr. DeCarlo was subjected, despite having a reasonable opportunity to do so.

33.     As a consequence thereof, Alan DeCarlo has been injured.

### FIFTH CLAIM FOR RELIEF FOR NEGLIGENCE

34.     Plaintiff repeats the allegations of paragraphs 1-21 as though fully stated herein.

35.     The acts complained of herein resulted from defendants County and Sheriff's Department, through agents, servants and employees, breaching their duty properly to assign, train, supervise or discipline its law enforcement personnel, including assigning, training, supervising or disciplining individual Deputy Sheriffs who unlawfully assault and make false allegations.

36.     The failure of defendants County and Sheriffs Department properly to assign, train, supervise or discipline their personnel, including the Deputy Sheriffs involved herein, constitutes acquiescence in and tolerance of ongoing unconstitutional uses of force and lodging of false allegations and allowed the individual defendants to believe that they could with impunity brutalize and abuse Mr. DeCarlo.

37.     As a consequence thereof, Alan DeCarlo has been injured.

<u>Request for Relief</u>

WHEREFORE, plaintiff respectfully requests that judgment be entered as follows:

(A)     Declaratory relief finding that plaintiff's right to be free from unreasonable and excessive force under the Fourth and Fourteenth Amendments of the United States Constitution was violated;

(B)     Compensatory damages in an amount to be fixed at trial;

(C)     By reason of the wanton, willful and malicious character of the conduct complained of herein, punitive damages in an amount to be fixed at trial;

(D)     An award to plaintiff of the costs and disbursements herein;

(E)     An award of attorney's fees under 42 U.S.C. §1988; and

(F)     Such other and further relief as this Court may deem just and proper.

Dated: December 20, 2007
      White Plains, New York

           Lenihan & Associates, LLC
            Attorney for Plaintiff

           By: Matthew Flamm **MF1309**
            Of Counsel
           235 Main Street
           White Plains, New York 10601
            (914) 949-8855